UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KATIE ARCHIBALD
        Plaintiff,

CIVIL ACTION NO. 14-12982-LTS

v.

LIFE RESOURCES, INC.,
        Defendant.

MEMORANDUM AND ORDER

SOROKIN, U.S.D.J.

BACKGROUND

On July 7, 2014, plaintiff Katie Archibald ("Archibald") filed a *pro se* Complaint disputing her termination from employment by the defendant, Life Resources, Inc..[1] On April 17, 2015, this Court issued a Memorandum and Order (Docket No. 5) granting Archibald's *in forma pauperis* motion, declining to appoint *pro bono* counsel, and directing her to file both an Amended Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure, as well as a Show Cause Response addressing the legal impediments to her employment claim. These impediments included the failure to comply with Rules 8 and 10, and the lack of subject matter jurisdiction because of a lack of diversity and the lack of a *bona fide* federal question. Additionally, it was unclear from the Complaint whether Archibald had exhausted her administrative remedies with the appropriate administrative agency (*i.e.*, MCAD or EEOC).

Further, this Court directed that Archibald's Amended Complaint list the caption and

---

[1]Archibald's handwritten Complaint appeared to identify the defendant as "Like Resources;" however, other documents reveal the name of the defendant is "Life Resources, Inc." In light of this, the clerk is directed to correct the docket accordingly, and all prior references by this Court to Like Resources, Inc. shall be construed to pertain to Life Resources, Inc.

docket number of this case – in a pleading form – not a letter form, and be entitled "Amended Complaint." Archibald also was directed to submit a statement entitled "Statement in Response to Show Cause Order" in which sh informed in this Court: (1) whether she filed a charge of employment discrimination against Life Resources, Inc. with the MCAD or the EEOC, and the date of any such filing; (2) the nature of any such administrative charges (*i.e.*, whether she alleged discrimination based on national origin, race, color, religion, sex, age, disability, or any other basis); (3) whether she received a "right to sue" letter from the EEOC, and the date of any such letter.

Finally, this Court also directed Archibald to attach a copy of any "right to sue" letter with her Statement in Response to Show Cause Order, or, if she did not file a timely charge of discrimination with the appropriate administrative agency, submit a statement explaining why she failed to do so.

On May 19, 2015, Archibald filed a typewritten pleading (Docket No. 7) in letter form, with no title of "Amended Complaint" or "Statement to Show Cause Order" as directed. Further, the directive to Archibald to set forth her claim in accordance with Rules 8 and 10 was unheeded. Despite the lack of compliance, this Court will liberally construe this pleading and presume it was intended to constitute her response to the directives contained in the prior Memorandum and Order.

Essentially, Archibald iterates the same allegations contained in her original Complaint, adding more detail to her description of the events surrounding her termination from employment. Again, she disputes the finding by the Department of Children and Families ("DCF") that she failed to intervene to assist another counselor in the midst of an assault. She

2

denied having been in a position to see the assault or respond to it. She claims that Life Resources, Inc. failed to follow its own policy when it terminated her based on the 51A Order filed by the DCF based on her neglect. She contends that a full investigation had not been completed at the time of her termination, and she was not given the same opportunity as other staff to sit down and have an internal investigation with DCF administration. Further, she makes a vague reference to an unidentified male staff member who was accused of improper touching of a female client in the girls' unit. She notes that he was not fired by Life Resources, Inc., nor was any finding made against him by DCF. She submitted a letter of support by an employee of Life Resources, Inc., Kathleen N. Kelly, LICSW.

Next, Archibald alleges that her rights were violated due to the amount of pressure placed on Life Resources, Inc. to get the program in shape; she alleges that (presumably as a result of this pressure) there have been significant increases in 51A Orders.

## DISCUSSION

This Court finds Archibald's response (Docket No. 7) does not comply with the directives contained in the prior Memorandum and Order. She has not stated a plausible discrimination claim against her former employer, Life Resources, Inc. that would invoke the federal question jurisdiction of this Court or would permit the defendant an opportunity to file a meaningful response. Even if this Court considered her allegations as raising a gender discrimination claim, this case still cannot proceed. Archibald failed to comply with this Court's directive to state whether she had exhausted her administrative remedies and received a "right to sue" letter. Although she attached an exhibit to her pleading, which was the DCF Child Abuse/Neglect Investigation Report with her handwritten notes, previously filed in connection

with a related lawsuit.,[2] see Archibald v. The Department of Children & Families, Civil Action 14-12983-MPK, she has not made any response to this Court's specific directive to state whether she had exhausted her administrative remedies with MCAD or the EEOC. As set forth in the prior Memorandum and Order, exhaustion is a prerequisite to filing suit in this Court. Archibald has offered no explanation why exhaustion is not a bar to her claim.

Finally, in her response, Archibald relates the serious hardships she has suffered as a result of her termination from employment. This Court is not unsympathetic to her plight; however, for the reasons set forth above and in the prior Memorandum and Order (Docket No. 5), and for the failure to comply with the Court's directives, this action must be DISMISSED in its entirety.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that this action is DISMISSED in its entirety.

SO ORDERED.

DATED: June 2, 2015

/s/ Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES DISTRICT JUDGE

---

[2]Notably, the response filed in this action is not identical but is substantially similar to the Complaint filed in the related case against DCF.